## Case No. 18,108.

### Ex parte WYLIE.

[The case reported under the above title in 1 Gaz. 123, is the same as Case No. 18,109.]

---

## Case No. 18,109.

### In re WYLIE.

[2 N. B. R. 137 (Quarto, 53); Bankr. Ct. Rep. 123; 1 Chi. Leg. News, 30; 1 Gaz. 123.] [1]

District Court, D. Maryland. 1868.

ASSIGNEE IN BANKRUPTCY—CONVEYANCE BY REGISTER.

A register has the right to convey the estate to the assignee when there is "no opposing interest," although the title to the property is in dispute.

[Cited in Re Vogel, Case No. 16,983.]

By B. F. M. HURLEY, Register:

I, the undersigned, having been designated by the court as the register in bankruptcy before whom the proceedings in the above matter of the bankruptcy of William H. Wylie are to be had, do hereby certify that in the due course of such proceedings the following question, pertinent to the same, arose, and was stated: "Has a register the right to assign and convey to the assignee all the estate, real and personal, of the bankrupt, when the title of the property is in dispute, under the fourteenth section of the bankrupt act [14 Stat. 522]?" The facts in the case are these: The bankrupt, on the 12th day of January, 1867, conveyed all his personal property by mortgage to Miss Phœbe J. Thomas, and on the 21st day of October, 1867, he gave a bill of sale of the same property to Grafton Duvall and Wm. H. Crantz. On the 14th day of November, 1867, he executed to Grafton Duvall a deed of trust of all the property heretofore conveyed, for the benefit of his creditors. On the 28th of November, 1867, he commenced proceedings in bankruptcy, and on the 30th of November Duvall took possession of the property by a writ of replevin. On the 4th day of January, 1868, the creditors met and proved their debts, and made choice of an assignee. Among the number of creditors who met and proved their claims was Miss Phœbe J. Thomas, by her duly constituted agent, thereby releasing her claim to the property named in the mortgage under section twenty of the bankrupt act. Your honor refused to confirm the assignee chosen by the creditors, and appointed Frank B. Carlin assignee of the estate. After being duly qualified, I assigned and conveyed to him all the estates, real and personal, under the fourteenth section. Charles W. Ross, Esq., attorney for the assignee, raised the question above stated.

Opinion of the register:

I am of the opinion that the register has the right to assign to the assignee all the estate, both real and personal, where there is no opposition to the assignment. Duvall & Crantz not having proved their claims are not known in the proceedings before me, and in my opinion there is no opposing interest. And the said party requested that the same should be certified to your honor for your opinion thereon.

GILES, District Judge. The register in this case certifies into court the following: "Has the register a right to assign and convey the estate, real and personal, of the bankrupt, when the title of the property is in dispute, under the fourteenth section of the bankrupt act?" I am of the opinion that he has, if there be (in the language of the law) "no opposing interest;" that is, if there be no one before the register contesting the

---

1 [Reprinted from 2 N. B. R. 137 (Quarto, 53), by permission. 1 Chi. Leg. News, 30, contains only a partial report.]

appointment of the assignee, or for any other cause, opposing the execution of said assignment. The assignment is general. Rice, Manual, form 66. The section then (presuming the assignment to be made) goes on to say what rights under it vest in the assignee, etc., and says that a copy of said assignment, duly certified by the clerk of the court under the seal thereof, shall be conclusive evidence of his title as such assignee, to take, hold, sue for and recover the property of the bankrupt, etc. On the facts stated by the register, he should make the general assignment to the assignee, who should appear in the case in the Frederick county circuit court, and claim the property, in which suit the validity of the deed to Grafton Duvall can be tested.