## Case No. 5,868.

### In re GUNIKE.

[4 N. B. R. 92 (Quarto, 23); [1] 2 Chi. Leg. News, 367; 1 Pac. Law Rep. No. 8, p. 3.]

District Court, N. D. Illinois. 1870.

BANKRUPTCY—DEATH OF BANKRUPT PENDING PROCEEDINGS—DISCHARGE.

Where a bankrupt died five months after filing petition, and his attorney asks for discharge on account of said death, held, that as the bankrupt had not taken the necessary oath in the 29th section prior to his decease, and the same being necessary to the granting of a discharge, that it could not be given.

This case was determined by the court upon the following state of facts: One Gunike applied in March, 1868, for the benefit of the bankrupt act [of 1867 (14 Stat. 517)], and filed his schedules. Warrants were issued, and the proceedings were all regular up to some time in July, 1868, when Gunike died. Since his death an assignee has been appointed and has made disposition of the assets, and the attorney of Gunike came in and asked the court for his discharge under the bankrupt law.

BLODGETT, District Judge. This discharge is asked under the last clause of section 12 of the bankrupt act, which reads as follows: "If the debtor dies after the issuing of the warrant, the proceedings may be continued, and concluded in like manner as if he had lived." It is contended on the part of the bankrupt, therefore, that, notwithstanding his death, a discharge from his debts should be granted; but, on examination of the 29th section, it will be found that "no discharge shall be granted to any bankrupt until he shall take and subscribe an oath to the effect that he has not done, suffered, or been privy to any act, matter, or thing specified in this act, as a ground for withholding such discharge, or as invalidating such discharge, if granted." This oath never having been taken by the bankrupt prior to his decease, and that being a condition precedent to the granting of the discharge, I am of the opinion that the discharge cannot be granted. There is no authority in the court to grant the discharge, until this oath has been taken by the bankrupt himself. No person can take it for him. The language of the last clause of the 12th section, although very comprehensive, must, therefore, be taken as applying to such proceedings as may be taken by the assignee or other parties in settling the estate, as the making of dividends, etc.

[1] [Reprinted from 4 N. B. R. 92 (Quarto, 23), by permission.]