CURETON (PETERS v.). See Case No. 11,019.

## Case No. 3,487.

### CURRAN et al. v. MUNGER et al.

[6 N. B. R. 33.][1]

Circuit Court, W. D. Michigan. Dec., 1871.[2]

PRACTICE IN BANKRUPTCY — DEMURRER TO PETITION FOR REVIEW — COMPROMISE WITH CREDITORS—INSOLVENCY—PREFERENCE.

1. When the petition for review under the rules in the sixth circuit is demurred to, its statements, like those of any other pleading, will be taken as true and the appeal determined upon its averments. If the facts therein are sufficient, the demurrer will be overruled and the decree below reversed.

2. When an agent is sent by an insolvent debtor to compromise with creditors, and some of them, through him, return different terms than those submitted, such agent does not thereby become that of such creditors but remains the agent of the debtor, and his knowledge, mistakes and acts are those of his principal—the insolvent. The same effect would be produced if he were deemed the common agent of both parties.

3. When a debtor and a preferred creditor know of the insolvency, but erroneously suppose all other creditors have compromised for thirty-five cents in time paper, a transfer so securing the creditor as to create a preference financially is an act of bankruptcy. If insolvency is once known all parties act at their peril, when such condition actually exists, whether known or unknown.

4. When proceedings were pending in bankruptcy, and a preferred creditor and the insolvent settle the petitioning creditor's debt and employ the attorney who conducts such proceedings to compromise with the other creditors, authorizing him to pay some one price and others another, and it appears that such discrimination was in fact made, such scheme is prima facie fraudulent and the burden is upon the actors to show that all the creditors consented to such preferences. It will not be presumed. But if any one creditor does not consent it is a fraud upon him, although all the others are satisfied.

[1] [Reprinted by permission.]
[2] [Reversing Case No. 9,923.]

[Petition to review the action of the district court of the United States for the western district of Michigan, sitting in bankruptcy.

[Curran, Goodwin, Walker & Co. petitioned the district court for an adjudication in bankruptcy against the firm of Munger & Champlin. The petition was dismissed (In re Munger, Case No. 9,923), and the matter now comes before the circuit court on a petition for review.]

Don M. Dickinson, for creditors.
Bates & Hodges, for debtors.

EMMONS, Circuit Judge. The petition of appeal is demurred to, and I infer from the perusal of the opinion of the district judge that its statements materially vary the facts from those which were before him. All the leading and more important conclusions upon which he dismissed the petition are fully negatived in the case as it comes before this court. A separate outline of the very voluminous facts is unnecessary. The opinion will be understood by parties without it, and the rulings upon them are not important as precedents. The court below held that the compromise was lawful, and that as the respondents believed it included all creditors save Colt, the transfer to him was not with the intent demanded by the statute to make it an act of bankruptcy. Upon this ground it dismissed the petition. Upon the case as it stands in this court the compromise is clearly fraudulent. The respondents knew that representations had been made to some of the creditors, that others had settled for thirty-five cents, when in fact they were secretly to receive more. This ground alone would compel an entry of a decree against the respondents. Hodges was the agent of the respondents only. He had no authority to represent the appellants. It is the common case of an agent bringing back the replies to his principal. His frauds, knowledge, negligence and misunderstandings are those of the men who employ him. This familiar general rule has been fully applied in many cases under this act. 4 N. B. R. 106 [In re Marshall, Case No. 9,123]; 4 N. B. R. 92 [In re Gunike, Case No. 5,868]; 4 N. B. R. 178 [In re Alexander, Case No. 161]; 2 N. B. R. 137 [In re Wylie, Case No. 18,109]. There are many other similar judgments. But there is no necessity for a resort to a rule which might legally charge them with knowledge they did not in fact have, and so decide this appeal upon technical grounds at variance with actual truth. Upon the facts here there is no reasonable ground for any belief on their part, or that of Hodges, that petitioners had accepted their terms. All knew they had been rejected. They told Hodges they would receive thirty-five cents cash. He so told the debtor. Subsequently Clark, Colt's partner, wrote that they said precisely the same thing—that they would take thirty-five cents.

There was nothing in this having the slightest tendency to encourage, much less justify, the extraordinary and sudden change of opinion that the rejected terms had been accepted. The petitioners swear positively that Hodges was not their agent. He was not sworn, and nowhere is there a scintilla of proof of such fact. But grant the unwarrantable assumption that he was alike the agent of the debtors who sent him and the creditors who made replies. It is still but the case of a common agent, where his knowledge binds both alike. And if this were not so, still there must be an adjudication of bankruptcy upon the case here, because the respondents had all the facts before them that Hodges had. The ground is that Hodges represented that he had authority to accept the terms for the appellants. But all knew why he so said; that he interpreted the letter of Clark as they themselves professed to have done. They knew he had no further authority than what he fully reported as their agent on his return. It is not a case of reliance upon representations where the facts upon which opinion rests are unknown. The case might well be disposed of upon the foregoing and other views which might be taken of the facts in the petition of appeal. But we place the reversal upon different grounds. From the argument made by the respondents' counsel we infer they misapprehend the practice or they would have answered the petition and procured a settlement of the facts. No rights are lost, however, for we hold that when debtors once know of hopeless insolvency they are in the law bound also to know whether that condition continues; and the belief whether well or illy founded, that all other creditors have settled when they have not so done, is no justification for a transfer which in fact operates as a preference.

In a learned and most careful argument the counsel for the appellants has collected and analysed the judgments, holding that when insolvency is known and a preference is made, the intent is a presumption of law. They are useful as inducements to the conclusions arrived at, but the precise point here decided does not demand their citation and discussion at length. I quite approve in this regard all that is actually decided in the recent judgment of Hopkins, J., 5 N. B. R. 182 [Hall v. Wager, Case No. 5,951]. He says substantially section thirty-nine has far less reference to the condition of mind of the insolvent debtor than to the condition of insolvency as a fact. But whatever difference may exist in relation to the debtor's duty of knowing his financial condition originally, there should be none concerning the very different obligation, when he once knows his insolvency, of waiting before he secures his relatives and endorsers, until he knows that his condition is changed, or that his creditors have consented to the preference. When a party with full knowledge of his in-

solvency makes a preference, it seems but a play upon terms to say that he did not in a legal sense intend it because he erroneously supposed his creditors had consented to it. It is not even the case where there was a mistaken belief of full payment, which though it could not justify the transfer, would, we grant, in a literal but immaterial sense, disprove an actual intention to prefer. A man who believes he has but one creditor cannot intend to make a preference. While on the one hand we do not assent to this merely formal argument to show no preference was intended within the meaning of the law, so on the other we do not go on its literalisms, which are satisfied if there was a preference in fact which in the accidents of this case was contemplated by the parties. This may strengthen the justice of the particular judgment here, but is by no means necessary to sustain it. The sale was unlawful, no matter what the actual intention of the parties may have been. It is held broadly as a general principle to which there should be no exceptions, that where the parties know the insolvency they must act at their peril if they appropriate the trust fund which the law devotes to the equal payment of all, before they know, also, that creditors have ceased to be such, or that they consent, after the most full and fair disclosure of all the facts, to the discrimination which is made. Without this it is an act of bankruptcy. It is an irrelevant fact that they erroneously supposed the creditors had consented. Their carelessness, rash and interested conclusions, or never so well warranted misapprehensions, can give them no power over the statutory vested rights of innocent and non-concurring creditors. Establish the doctrine that an unjust preference is lawful, because the debtor was ignorant of his insolvency; add, also, that it is so when he knew it, but had reasonable ground to believe he had compromised at thirty-five cents on the dollar in time paper, and go forward in the application of the principle in these rulings to all the analogous exigencies of failing business men, and the bankrupt law would require immediate and important amendments. Some reliance was made upon the absence of the other creditors. Of course one, in principle, presents the same legal questions as if all but one were here. In re Williams [Case No. 17,703]. But non constat the other creditors are satisfied. There is no proof that they are, and no presumption of such fact arises upon such a record as this.

There is a mode of construing judgments by arguing from their implications and deducing conclusions of law because dissents are not uttered, that makes it proper to say further, that were it necessary in this case we should hold the entire scheme of this settlement, as set forth in the petition of appeal, a fraud upon the act, irrespective of the affirmative proof that misrepresentations

were made to the compromising creditors. The case here, and as set forth in the printed judgment of the learned district judge, with which we have been furnished by the appellants' counsel, substantially shows that a petition had been filed against the debtors; that the claim was settled by them, and the hostile attorney who conducted the proceedings in the district court, employed by the joint consultations of Colt the preferred creditor, and the debtors, to compromise with all the others. It was agreed by all that it would be necessary to pay some one price, and some another, as it has been done in the attempted settlement. Colt agreed if this could be brought about for forty cents in the aggregate, he would then buy the goods, give his note for the compromise money, and pay his endorsements in full. They all enter into the scheme of discrimination and preference. They withhold the assets from the bankruptcy court, where in law they belong the moment the debtor becomes insolvent and proposes liquidation, and attempt th ough the agent just what the law prohibits. Hardy v. Bininger [Case No. 6,057]; 3 N. B. R. 99 [Hardy v. Clark, Case No. 6,058]; Cookingham v. Morgan [Case No. 3,183]; Driggs v. Moore [Id. 4,083]; In re Drummond [Id. 4,-093]; In re Smith [Id. 12,974]; In re Silverman [Id. 12,855]; and numerous similar judgments. That when the act is necessarily a preference, and insolvency is known, it is per se an intent to prefer, or to defeat the act. In this case the intention was not actually to consummate these unlawful preferences until by their contemporaneous execution every creditor would be bound by the acceptance of the paper and so precluded from objecting to it. The intention was not to abstain from making preferences gross and unjust, but to secure such a settlement as would cut off the power of complaint. But the preference has been made just as was intended, and the creditors were not precluded. In these circumstances I think the proceedings relied upon to sustain the transfer to Colt are themselves acts of bankruptcy, because they show an intentional preference by an insolvent debtor.

There is another view upon which I think decree below should have been in favor of the creditors. Hodges has not been sworn, and the proof is meagre in reference to misrepresentations to creditors; but he who is conversant with such matters, and knows the keen sense of wrong which every merchant feels when he learns that his liberality has been successfully appealed to for an acceptance of thirty-five cents, when his fellow-trader has unjustly gotten seventy-five or a hundred, will not fail to make the presumption that full disclosure was not made by the attorney here. We venture to say such a thing as an unequal settlement, some receiving a hundred cents and others thirty-five, was never voluntarily made without fraud and misrepresentation, in the whole history of American business. In the circumstances of this case a condition is presented where the onus probandi is upon the actors. We do not think it the duty of the appellants in a case like this to prove that creditors have not consented to the injustice which has been done them. There is none that the apparent fraud ever came to their knowledge, that they might complain. Every familiar principle in this department of the law compels the presumption that they did not assent. The letter of Clark, Colt's partner, saying he thought the scheme would fail because he feared the creditors had learned of the inequality, is by no means necessary to help this legal conclusion. 1 Phil. Ev. 615, note; 3 Starkie, Ev. 48; and other similar authorities. It is never necessary to prove affirmatively that a man has not assented to that which is to his disadvantage. The presumption of the law is that he has not. Nor is this at all at war with the rule that fraud shall not be presumed. It is the quite different doctrine that when such facts are presented as make it an irresistible inference of common reason the law will presume it, unless the apparently guilty actors do what any innocent man in his senses would do, if it were in his power —explain the suspicions. It is their duty to prove how a fact so extraordinary occurred as that creditors having equal rights in a common fund, turned by law into a trust for their benefit, were seduced into action so anomalous as the surrender of this right to Colt, and the other creditors receiving full pay. And when the agent in all this sits in court and is not examined by the respondents, a duty is omitted which the law casts even upon the criminal in similar cases. U. S. v. Chaffee [Case No. 14,774]; [Clifton v. U. S.] 4 How. [45 U. S.] 242; Starkie, Ev. 820. Decree below dismissing petition reversed and adjudication of bankruptcy ordered.